01

02

03

04

05

06

07                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
08                                  AT SEATTLE

09   DERRICK M. SIMON,                    )
                                          )   CASE NO. C12-0979-JLR-MAT
10          Plaintiff,                    )
                                          )
11          v.                            )
                                          )   ORDER RE: PENDING MOTIONS
12   ROBIN MURPHY, et al.,                )
                                          )
13          Defendants.                   )
     _____ )
14

15          Plaintiff Derrick M. Simon proceeds *pro se* and *in forma pauperis* (IFP) in this civil

16   rights matter pursuant to 42 U.S.C. § 1983.   A number of motions are currently pending in this

17   matter.  (Dkts. 20, 22-26.)  Having considered the pending motions, the Court does hereby

18   find and ORDER as follows:

19          (1)      Defendants filed a Motion to Stay Discovery Pending Motion to Dismiss.

20   (Dkt. 22.)  Defendants state that the pending motion to dismiss will dispose of the entire case,

21   that ongoing discovery will burden the State and waste resources, that staying discovery will

22   not prejudice plaintiff, and that the Court's ruling on the motion to dismiss could affect the

ORDER RE:
PENDING MOTIONS
PAGE -1

01  scope of discovery.   Plaintiff did not respond to the motion and the Court construes this failure

02  to respond as an admission that the motion has merit.   Local CR 7(b)(2).   The Court further

03  finds the request to stay discovery warranted.   Accordingly, defendants' motion to stay

04  discovery (Dkt. 22) is GRANTED.

05  (2)      Plaintiff seeks the appointment of counsel.   (Dkt. 24.)   There is no right to

06  have counsel appointed in cases brought under § 1983.   Although the Court, under 28 U.S.C. §

07  1915(e)(1), can request counsel to represent a party proceeding IFP, it may do so only upon a

08  showing of exceptional circumstances.   *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.

09  1986).   A finding of exceptional circumstances requires an evaluation of both the likelihood of

10  success on the merits and the ability of the individual to articulate his claims *pro se* in light of

11  the complexity of the legal issues involved.   *Id.*   In this case, it cannot be said that plaintiff has

12  demonstrated a likelihood of success on the merits, or shown that, in light of the complexity of

13  the legal issues involved, he is unable to articulate his claims *pro se*.   Accordingly, plaintiff's

14  request for the appointment of counsel (Dkt. 24) is DENIED.

15  (3)      Plaintiff submitted a "Motion for Amended Complaint[.]"   (Dkt. 23.)

16  However, the document submitted does not contain an actual motion and, rather, appears to

17  consist solely of an amended complaint.   Defendants do not oppose the motion to amend, but

18  request guidance as to whether a response to a motion or an amended answer is required.

19  Given the lack of opposition, and because "leave [to amend a pleading] shall be freely given

20  when justice so requires[,]" Fed. R. Civ. P. 15 (a), the Court GRANTS the motion to amend

21  (Dkt. 23).   The Court further construes the document submitted as plaintiff's Amended

22  Complaint and directs defendants to submit an Amended Answer within **fourteen (14) days** of

ORDER RE:
PENDING MOTIONS
PAGE -2

01   the date of this Order.

02       (4)    Plaintiff also submitted a "Motion to Amend the First Page of the Initial

03   Complaint[]" and "Motion to Strike the First Page of the Initial Complaint[.]" (Dkt. 26.)

04   Defendants do not oppose the motion. (Dkt. 28.) However, it is not clear to the Court what

05   information plaintiff seeks to amend or whether the intended amendment applies to the initial or

06   amended complaint. Nor does it otherwise appear that the requested motion or amendment is

07   necessary. (*See*, *e.g.*, Dkt. 26-1 at 1 (reflecting that plaintiff is unaware of the local court rules

08   and desires to amend the initial page in a later motion).) Accordingly, plaintiff's motion to

09   amend/strike (Dkt. 26) is DENIED. Should plaintiff seek to again amend his pleading, he

10   must submit a motion to amend explaining his proposed amendment and accompanied by a

11   proposed second amended complaint.

12       (5)    Plaintiff requests an extension of time to respond to defendants' motion to

13   dismiss. (Dkt. 25.) He appears to request that the pending motion be renoted from November

14   2, 2012 to January 5, 2013. Defendants do not object to the request for an extension of time,

15   but ask that the extension be limited to one month. (Dkt. 27.) However, the Court finds

16   plaintiff's request reasonable under the circumstances. Plaintiff's motion for an extension of

17   time (Dkt. 25) is GRANTED and defendants' motion to dismiss (Dkt. 20) is RENOTED for

18   consideration on **January 4, 2013**. Plaintiff must submit his response to the motion on or

19   before **December 31, 2012** and defendants may submit a reply on or before the noting date.

20   **Plaintiff is advised that, given the lengthy period of time granted for his response to the**

21   **pending motion, any request for an additional extension of time is unlikely to succeed.**

22       (6)    The Court also observes that several of plaintiff's motions did not indicate

ORDER RE:
PENDING MOTIONS
PAGE -3

01 service on defendants. **Plaintiff is hereby reminded, as stated in the Court's Order**

02 **Directing Service (Dkt. 10), that any document filed with the Court must be accompanied**

03 **by proof that it has been served upon all parties that have entered a notice of appearance**

04 **in this matter.**

05        (7)    The Clerk shall direct copies of this Order to the parties and to the Honorable

06 James L. Robart.

07        DATED this <u>21st</u> day of November, 2012.

08

09                                                 Mary Alice Theiler

10                                               United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

ORDER RE:
PENDING MOTIONS
PAGE -4