UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DERRICK M. SIMON, )
) CASE NO. C12-0979-JLR-MAT
    Plaintiff, )
)
    v. )
) ORDER RE: PENDING MOTIONS
ROBIN MURPHY, et al., )
)
    Defendants. )
_____ )

    Plaintiff Derrick M. Simon proceeds *pro se* and *in forma pauperis* (IFP) in this civil rights matter pursuant to 42 U.S.C. § 1983. A number of motions are currently pending in this matter. (Dkts. 20, 22-26.) Having considered the pending motions, the Court does hereby find and ORDER as follows:

    (1) Defendants filed a Motion to Stay Discovery Pending Motion to Dismiss. (Dkt. 22.) Defendants state that the pending motion to dismiss will dispose of the entire case, that ongoing discovery will burden the State and waste resources, that staying discovery will not prejudice plaintiff, and that the Court's ruling on the motion to dismiss could affect the

scope of discovery.  Plaintiff did not respond to the motion and the Court construes this failure to respond as an admission that the motion has merit.  Local CR 7(b)(2).  The Court further finds the request to stay discovery warranted.  Accordingly, defendants' motion to stay discovery (Dkt. 22) is GRANTED.

(2)	Plaintiff seeks the appointment of counsel.  (Dkt. 24.)  There is no right to have counsel appointed in cases brought under § 1983.  Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding IFP, it may do so only upon a showing of exceptional circumstances.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the individual to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *Id*.  In this case, it cannot be said that plaintiff has demonstrated a likelihood of success on the merits, or shown that, in light of the complexity of the legal issues involved, he is unable to articulate his claims *pro se*.  Accordingly, plaintiff's request for the appointment of counsel (Dkt. 24) is DENIED.

(3)	Plaintiff submitted a "Motion for Amended Complaint[.]"  (Dkt. 23.)  However, the document submitted does not contain an actual motion and, rather, appears to consist solely of an amended complaint.  Defendants do not oppose the motion to amend, but request guidance as to whether a response to a motion or an amended answer is required.  Given the lack of opposition, and because "leave [to amend a pleading] shall be freely given when justice so requires[,]" Fed. R. Civ. P. 15 (a), the Court GRANTS the motion to amend (Dkt. 23).  The Court further construes the document submitted as plaintiff's Amended Complaint and directs defendants to submit an Amended Answer within **fourteen (14) days** of

ORDER RE:
PENDING MOTIONS
PAGE -2

the date of this Order.

(4)     Plaintiff also submitted a "Motion to Amend the First Page of the Initial Complaint[]" and "Motion to Strike the First Page of the Initial Complaint[.]" (Dkt. 26.) Defendants do not oppose the motion. (Dkt. 28.) However, it is not clear to the Court what information plaintiff seeks to amend or whether the intended amendment applies to the initial or amended complaint. Nor does it otherwise appear that the requested motion or amendment is necessary. (*See*, *e.g.*, Dkt. 26-1 at 1 (reflecting that plaintiff is unaware of the local court rules and desires to amend the initial page in a later motion).) Accordingly, plaintiff's motion to amend/strike (Dkt. 26) is DENIED. Should plaintiff seek to again amend his pleading, he must submit a motion to amend explaining his proposed amendment and accompanied by a proposed second amended complaint.

(5)     Plaintiff requests an extension of time to respond to defendants' motion to dismiss. (Dkt. 25.) He appears to request that the pending motion be renoted from November 2, 2012 to January 5, 2013. Defendants do not object to the request for an extension of time, but ask that the extension be limited to one month. (Dkt. 27.) However, the Court finds plaintiff's request reasonable under the circumstances. Plaintiff's motion for an extension of time (Dkt. 25) is GRANTED and defendants' motion to dismiss (Dkt. 20) is RENOTED for consideration on **January 4, 2013**. Plaintiff must submit his response to the motion on or before **December 31, 2012** and defendants may submit a reply on or before the noting date. **Plaintiff is advised that, given the lengthy period of time granted for his response to the pending motion, any request for an additional extension of time is unlikely to succeed.**

(6)     The Court also observes that several of plaintiff's motions did not indicate

ORDER RE:
PENDING MOTIONS
PAGE -3

service on defendants. **Plaintiff is hereby reminded, as stated in the Court's Order Directing Service (Dkt. 10), that any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in this matter.**

(7) The Clerk shall direct copies of this Order to the parties and to the Honorable James L. Robart.

DATED this 21st day of November, 2012.

Mary Alice Theiler
United States Magistrate Judge