UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DERRICK M. SIMON, | ) |
| | ) CASE NO. C12-0979-JLR-MAT |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER STRIKING PROPOSED |
| ROBIN MURPHY, et al., | ) AMENDED PLEADING AND |
| | ) REGARDING DISCOVERY |
| Defendants. | ) |

Plaintiff Derrick M. Simon proceeds *pro se* and *in forma pauperis* in this civil rights matter pursuant to 42 U.S.C. § 1983. Having reviewed a pending motion and a proposed amended pleading in this matter, the Court herein ORDERS as follows:

(1) Plaintiff's proposed Second Amended Complaint (Dkt. 63) is STRICKEN from the docket. Plaintiff failed to comply with Local Civil Rule (LCR) 15 by submitting a motion to amend, attaching a copy of the proposed amended pleading as an exhibit and indicating in the motion how the proposed amended pleading "differs from the [First Amended Complaint] by bracketing or striking through the text to be deleted and underlining or highlighting the text to

be added."  LCR 15.

Moreover, even if plaintiff had properly submitted the proposed amended complaint, a motion to amend would have been denied.  Federal Rule of Civil Procedure 15 provides that "leave [to amend a pleading] shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Leave to amend may be denied where there is undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  In this case, plaintiff submitted the proposed amended pleading well after the discovery and dispositive motion deadlines.  Moreover, it is apparent from a review of the proposed amended pleading that plaintiff in large part seeks to amend by adding claims regarding incidents occurring in 2007.  (*See* Dkt. 63; *accord* Dkt. 59 at 14.)  Given that plaintiff initiated this case in June 2012 (*see* Dkt. 1), any claims regarding incidents occurring in 2007 would be barred by the applicable three-year statute of limitations.  *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002).  Therefore, even if properly filed, a motion to amend would have been denied based on both undue delay and futility.

(2) The Court also herein considers plaintiff's motion for an extension of time to conduct discovery.  (Dkt. 54.)  In arguing in favor of an extension, plaintiff refers generally to his "[s]everal sets of interrogatories and requests for production of documents along with requests for admissions[,]" and alleges he has "encountered resistance, obfuscation, and delay" in response.  (*Id*. at 1.)

By Order dated July 23, 2013, the Court set a discovery cutoff date of September 20, 2013 and a dispositive motion filing deadline of October 21, 2013.  (Dkt. 48.)  The Court

ORDER RE: PROPOSED AMENDED
PLEADING AND DISCOVERY
PAGE -2

received plaintiff's motion for an extension of the discovery deadline on September 17, 2013, shortly before the discovery deadline. Defendants objected to plaintiff's request and sought a stay of discovery pending a ruling on their motion for summary judgment. (Dkt. 58.) The Court, however, found additional information necessary, noting defendants' failure to address whether or not they responded to all timely submitted discovery requests, or to explain why they sought a stay of discovery despite the fact that, at the time they filed their motion for a stay, the discovery deadline had passed.

In response to the Court's request for additional information, defendants withdrew their motion for a stay. (Dkt. 61 at 1.) Defendants further appeared to simultaneously maintain they responded to all discovery requests, stating they "can only guess" at the obfuscation alleged by plaintiff, while conceding that 127 pages of documents were not provided to plaintiff. Defendants explain that plaintiff failed to designate a third party to receive those documents on a CD or to designate twenty-five of those pages (which could be double-sided as 50 images or even four to a side for up to 250 pages) as print copies to be provided at no cost.

Defendants have correctly observed that plaintiff failed to file a motion to compel, or to certify to the Court that he conferred or attempted to confer with defendants regarding outstanding discovery requests, as would be required before filing a motion to compel. LCR 37(a); Fed. R. Civ. P. 37(a)(1). However, the Court is similarly troubled by defendants' less than forthcoming responses to the issue of outstanding discovery requests. As such, plaintiff's motion for an extension of the discovery deadline (Dkt. 54) is GRANTED in part and DENIED in part. While the Court finds no basis for allowing additional discovery requests, defendants are herein ORDERED to provide to plaintiff double-sided copies of responses to outstanding

discovery requests within **ten (10) days** of the date of this Order.  The Court notes, however, that defendants need not provide discovery relating solely to events occurring in 2007 and/or 2008, and must, instead, provide discovery relating to the 2009/2010 events at issue in this matter.

      (3)      Given the above, the pending motions for summary judgment (Dkts. 56 & 59) are herein RENOTED for consideration on **December 20, 2013**.  If necessitated upon review of the discovery to be provided by defendants, plaintiff may submit a **10-page** supplemental response to defendants' motion for summary judgment on or before **December 16, 2013** and defendants may submit a **5-page** supplemental reply on or before the noting date.

      (4)      The Clerk is directed to send this Order to plaintiff, to defendants, and to the Honorable James L. Robart.

DATED this <u>19th</u> day of November, 2013.

                                               Mary Alice Theiler
                                               Chief United States Magistrate Judge